IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DANA BOWMAN, §
§
    Plaintiff, §
§
VS. §
§
KCAP RE FUND II, LLC, et al., §
§  Civil Action No. 3:24-CV-2472-D
    Defendants, §
§
and §
§
SILVER LEAF BTR, LLC a/k/a §
SILVER LEAF JOSHUA LLC, and §
SILVER LEAF COMMUNITIES, LLC, §
§
    Defendants-Third-Party Plaintiffs, §
§
VS. §
§
TRIUNE ARCHITECTURE PLLC, §
and WESLEY W. GUSTIN, §
§
    Third-Party Defendants. §

## MEMORANDUM OPINION AND ORDER

In this action alleging violations of the Fair Housing Amendments Act of 1988 ("FHA"),[1] several non-bankrupt defendants move to extend the automatic bankruptcy stay as to each of them based on the voluntary Chapter 11 bankruptcy of defendant KCAP RE Fund II, LLC ("KCAP"). For the reasons that follow, the court denies the motion.

_____

[1] 42 U.S.C. §§ 3601-3619.

I

In 2022 the Owner Defendants[2] acquired an ownership interest in The Residence at Joshua Landing Apartments (the "Property"), a two-story apartment complex located in Joshua, Texas, that was then under construction.  The KeyCity Defendants[3] are the developer of the Property and the manager for the Owner Defendants.  Defendants-third party plaintiffs Silver Leaf Communities, LLC and Silver Leaf BTR, LLC (collectively, "Silver Leaf") are construction companies and the contractor of record for the Property.  KCAP owned the Property until September 2022.

In October 2024 plaintiff Dana Bowman ("Bowman") filed this suit against the Owner Defendants, the KeyCity Defendants, Silver Leaf, and KCAP, alleging that the Property violated the accessibility requirements for multi-family dwellings described in the FHA.[4] Silver Leaf, in turn, filed a third-party complaint against Triune Architecture PLLC and its managing member, Wesley W. Gustin, alleging claims for fraud, breach of contract, and contribution.

KCAP filed a voluntary Chapter 11 bankruptcy petition in December 2025.  Based on

---

[2]The "Owner Defendants" are: KCAP RE Fund II Joshua, LLC, Abdeen Joshua Holdings, LLC, Alemer Joshua Holdings, LLC, Hatcher Joshua Holdings, LLC, Horany Joshua Holdings, LLC, Jensen Joshua Holdings, LLC, Lingampalli Joshua Holdings, LLC, Nobles Joshua Holdings, LLC, Schroeder Joshua Holdings, LLC, Skaugstad Joshua Holdings, LLC, and Vista Grande Dairy Joshua Holdings, LLC.

[3]The "KeyCity Defendants" means, collectively, KeyCity Fund Management, LLC and KeyCity Capital, LLC.

[4]In January 2026 Bowman amended his complaint to add as a defendant Cooper 100, LLC, the owner of the Property since October 2025.

this filing, Bowman moved under Fed. R. Civ. P. 41(a)(2) to dismiss his claims against KCAP, without prejudice.  The Owner Defendants and the KeyCity Defendants[5] filed the instant motion, seeking to extend to each of them the automatic stay entered in KCAP's bankruptcy.  The court granted Bowman's motion and dismissed his claims against KCAP, without prejudice.

The KeyCity Defendants and the Owner Defendants now move to extend the stay entered in KCAP's bankruptcy.  Bowman opposes the motion, which the court now decides on the briefs, without oral argument.

II

A

Under 11 U.S.C. § 362(a), all proceedings against a debtor in bankruptcy are automatically stayed.  The automatic stay generally protects only the debtor; it does not extend to co-debtors, co-tortfeasors, or other non-debtors.  *See Doe v. Lovell*, 2025 WL 276748, at *4 (N.D. Tex. Jan. 23, 2025) (Boyle, J.) (citing *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003)).  But the Fifth Circuit recognizes an exception to this rule where there are "unusual circumstances" showing "such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Reliant Energy Servs.*, 349 F.3d at 825 (quoting

---

[5]Silver Leaf has not joined the motion.

*A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).  "The party seeking to invoke the stay through this exception has the burden to show that it is applicable." *Luppino v. York*, 562 B.R. 894, 898 (Bankr. W.D. Tex. 2016) (citing *Beran v. World Telemetry, Inc.*, 747 F.Supp.2d 719, 723 (S.D. Tex. 2010)).

B

The Owner Defendants and the KeyCity Defendants contend that the exception should apply in this case because KCAP is in effect a real party defendant.  They contend with respect to the Owner Defendants that KCAP

> was indirectly one of the owners of the property through a series of two wholly-owned special purpose entities, including Defendant KCAP RE Fund II Joshua, LLC [("Joshua")], one of the tenancy-in-common ("TIC") owners of the property.  All of the other TICs are also defendants in this case.  A judgment in this case related to the property will in effect be a judgment against [KCAP], because tenants in common share ownership and are obligated to share expenses ratably in proportion to their ownership.  A judgment relating to the property will in effect be a judgment against all of the property owners ratably, including [KCAP], the owner of [Joshua], which owns 23.222% of the property.

Ds. Br. (ECF No. 53) at 3 (citations omitted).  Regarding the KeyCity Defendants, defendants contend that any judgment against KeyCity Fund Management LLC ("Fund Management") would in effect be a judgment against KCAP because Fund Management was merely an agent for the TIC, so any liability imposed on Fund Management would be passed along to its principals, the Owner Defendants, "including indirectly [KCAP]." *Id.* at 4.

Bowman responds that the court should not extend the automatic stay because

- 4 -

KeyCity, the Owner Defendants, and KCAP are merely joint tortfeasors and there is no evidence that a judgment against KeyCity or the Owner Defendants would be in effect a judgment against KCAP.[6]

C

For largely the reasons set out in Bowman's response brief, the court denies the motion to extend the bankruptcy stay.

"Section 632 is rarely . . . a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983)).  And the Fifth Circuit has declined to extend the automatic stay where "[t]here is no claim of a formal tie or contractual indemnification to create such an identity of interests."  *Id.*

In this case, the KeyCity Defendants and the Owner Defendants have not identified any contractual indemnification provision that would have the effect of requiring KCAP to indemnify them; KCAP was not a party to either of the contracts attached to defendants' motion and is not mentioned anywhere in them.  Nor have they explained or provided any evidence that would show how a judgment against *Joshua*, which is allegedly wholly owned by KCAP, would in effect be a judgment against KCAP.  Because the KeyCity Defendants and the Owner Defendants have not established that a judgment against them will in effect

---

[6]He also notes, *inter alia*, that neither the KeyCity Defendants nor the Owner Defendants are listed in KCAP's bankruptcy schedules as an unsecured or other creditor of KCAP.

be a judgment against KCAP, the court denies their motion to extend the stay.

*   *   *

Accordingly, for the reasons explained, defendants' motion to extend stay is denied.

**SO ORDERED**.

April 17, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE