IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANA BOWMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| KCAP RE FUND II, LLC, et al., | § | |
| | § | Civil Action No. 3:24-CV-2472-D |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| SILVER LEAF BTR, LLC a/k/a | § | |
| SILVER LEAF JOSHUA LLC, and | § | |
| SILVER LEAF COMMUNITIES, LLC, | § | |
| | § | |
| Defendants-Third-Party Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| TRIUNE ARCHITECTURE PLLC, | § | |
| and WESLEY W. GUSTIN, | § | |
| | § | |
| Third-Party Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action alleging violations of the Fair Housing Amendments Act of 1988 ("FHA"),[1] defendant Cooper 100, LLC ("Cooper") moves under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss plaintiff Dana Bowman's ("Bowman's") amended complaint for lack of standing. For the reasons that follow, the court grants Cooper's motion but permits Bowman

[1] 42 U.S.C. §§ 3601-3619.

to replead.

I

Bowman is a handicapped veteran who lost the lower half of both of his legs while serving as a member of the U.S. Army's elite parachute team, the Golden Knights.[2] He alleges that he recently visited the Residence at Joshua Landing Apartments (the "Property") and looked at one or more units. During his visit, Bowman observed and encountered accessability barriers that would interfere with his ability to access and use the facilities.[3] These barriers include the lack of an accessible route to some first floor units, the lack of an accessible route to the trash dumpsters, an inaccessible centralized mailbox center, changes in level in the routes leading to various common areas, excessively high thresholds in the accessible route to some of the units, thermostats and light switches installed at heights above 48 inches, bathrooms and kitchens that are inaccessible to an individual in a wheelchair, and insufficiently wide interior doors. Bowman alleges that these and other features of the Property violate 42 U.S.C. § 3604(f)(3)(C) and that, as a result, the Property is not accessible and useable for people with disabilities.

Bowman sues the Property's current and former owners, among others, alleging

---

[2]The court recounts the background facts favorably to Bowman as the complaining party. This is because, for purposes of ruling on standing, the trial court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

[3]In his response to Cooper's motion to dismiss, Bowman contends that he ambulates using prosthetic legs and also uses wheelchairs and other assistive devices, but Bowman does not include these details in his amended complaint.

violations of the FHA and seeking declaratory and injunctive relief, in addition to damages. Cooper, the current owner of the property, moves under Rule 12(b)(1) and 12(b)(6) to dismiss Bowman's amended complaint for lack of standing.[4] Bowman opposes the motion, which the court is deciding on the briefs, without oral argument.

II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g.*, *Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id*. The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id*. (citation omitted) (citing *Paterson*, 644 F.2d at 523). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that

---

[4]Defendants Silver Leaf BTR, LLC and Silver Leaf Communities, LLC (collectively, "Silver Leaf"), joined by the defendant former co-owners of the Property, filed on May 14, 2026 an opposed motion for leave to file a reply to Cooper's motion to dismiss. Because Silver Leaf's proposed reply does not contain arguments or authorities that the court would not otherwise have considered in deciding Cooper's motion, the court denies Silver Leaf's motion.

jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

III

Cooper moves to dismiss Bowman's claims under the FHA on the ground that Bowman does not have Article III standing.

A

Article III of the United States Constitution confines the jurisdiction of a federal court to actual cases and controversies. U.S. Const. art. III, § 2. The standing doctrine implements this constitutional limitation by requiring that a plaintiff establish "a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (citation and internal quotation marks omitted). To establish constitutional standing, a plaintiff must demonstrate that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

In its motion, Cooper challenges the first requirement, injury in fact. "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339 (internal quotation marks omitted) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "As the Supreme Court recounted in *Spokeo*, statutes may define what injuries are legally cognizable—including intangible or previously

unrecognized harms—but cannot dispense with the injury requirement altogether." *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 272 (5th Cir. 2021) (citing *Spokeo*, 578 U.S. at 341). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 U.S. at 341. "Put differently, the deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation.'" *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016) (quoting *Spokeo*, 578 U.S. at 341).

B

The court begins with Bowman's claim that defendants violated 42 U.S.C. § 3604(f)(1), which makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." Judges of this court have uniformly held that the language in § 3604(f)(1) "narrows this provision to those plaintiffs who 'engage[d] in [a] rental activity.'" *Bowman v. SWBC Real Estates Servs., LLC* (*SWBC I*), 2024 WL 1123035, at *3 (N.D. Tex. Mar. 14, 2024) (Starr, J.) (quoting *Bowman v. Wildwood of Lubbock, LLC* (*Wildwood of Lubbock*), 2020 WL 10458628, at *7 (N.D. Tex. Oct. 23, 2020) (Hendrix, J.)); *see also Millerborg v. Blue Bonnet Trail LLC* (*Millerborg II*), 2026 WL 776042, at *3 (N.D. Tex. Mar. 19, 2026) (Godbey, J.) ("This District has found that 'in the sale or rental . . . [of] a dwelling' language narrows this provision to plaintiffs that have 'engaged in rental activity.'" (alterations in original) (citations omitted)); *Wildwood of Lubbock*, 2020 WL 10458628, at *7 ("Section 3604(f)(1) applies only to discrimination 'in the sale or rental' of a dwelling.").

In the amended complaint, Bowman alleges that he "visited the Property and looked at one or more units," and that the accessibility barriers he observed "were a deterrent to a disabled person, such as Plaintiff, renting an apartment." Am. Compl. ¶ 26. But he does not allege that *he* intended to rent an apartment at the Property. Nor does he allege that he submitted a rental application or engaged in any other type of rental activity. Accordingly, because Bowman has failed to sufficiently allege "that he suffered discrimination by being denied the opportunity to occupy the premises in violation of section 3604(f)(1)," the court holds that Bowman lacks standing to sue under § 3604(f)(1). *Millerborg II*, 2026 WL 776042, at *3 (holding that plaintiff did not allege injury in fact under § 3604(f)(1) where he failed to plead that defendant "engaged in rental activity with him"); *SWBC I*, 2024 WL 1123035, at *4 (holding that plaintiff lacked standing to bring claim under § 3604(f)(1) where "his complaint never alleges that he leased an apartment or even filled out a rental application"); *Wildwood of Lubbock*, 2020 WL 10458628, at *7 (dismissing § 3604(f)(1) claim on standing grounds where there was "no indication that [defendant] engaged in any rental activity with [plaintiff]").

C

Bowman also alleges that defendants violated 42 U.S.C. § 3604(f)(2), which makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." Under § 3604(f)(2), "a plaintiff need not establish that [he] intended to rent a property; [he] suffer[s] injury under the statute if [he] merely visit[s]

the property and encounter[s] barriers to accessibility that violate the Act." *Bowman v. SWBC Real Estate Servs., LLC* (*SWBC II*), 2025 WL 775819, at *3 (N.D. Tex. Mar. 11, 2025) (Starr, J.) (citing *Wildwood of Lubbock*, 2020 WL 10458628, at *4; *Morgan v. Nash St., LTD*., 2018 WL 8223421, at *1 (S.D. Tex. Mar. 9, 2018)).

In this case, Bowman alleges that he visited the Property and that he "observed and encountered accessibility barriers that would interfere with his ability to access and use the facilities." Am. Compl. ¶ 26. This court has previously held that an identical allegation, in the context of a § 3604(f)(2) claim, lacked sufficient detail to establish Article III standing. *See Millerborg v. Blue Bonnet Trail LLC* (*Millerborg I*), 2025 WL 1994407, at *3 (N.D. Tex. July 16, 2025) (Godbey, C.J.). In *Millerborg I* Judge Godbey held that the allegation that the plaintiff "observed and encountered accessibility barriers that would interfere with his ability to access and use the facilities," without more,

> is conclusory, as the complaint is devoid of details about when, where, and how Millerborg experienced any of the barriers he describes. He provides a laundry list of problems he found at the property but fails to explain the context for those observations. Did he find that the bathroom lacked sufficient floor space around the toilets while touring a unit available for rent? Did he find an exterior gate lacking wheelchair maneuvering space while trying to navigate it? If so, then that could be sufficient to find a concrete injury. But because Millerborg provides no details about encountering the barriers he found at the property, the Court cannot say the requirement for a concrete injury in fact is met. Accordingly, the Court concludes Millerborg's complaint falls just short of alleging a sufficient concrete and particularized injury.

*Id*. The court holds that Bowman's amended complaint, like the complaint in *Millerborg I*,

fails to allege a concrete and particularized injury. Bowman asserts that he is a "handicapped veteran," Am. Compl. ¶ 3, and that he lost the lower half of both of his legs, but he does not plead that he uses a wheelchair, generally, or that he was using a wheelchair when he visited the Property.[5] *See SWBC II*, 2025 WL 775819, at *4 ("Bowman still fails to plead an injury in fact because his new complaint says nothing of whether he used a wheelchair while visiting the properties. For that matter, the complaint does not plead that Bowman uses a wheelchair at all. Nowhere does Bowman plead that *his* access to or use of facilities at the Properties was impeded in any way." (footnote omitted)). Nor does he provide any factual detail to support his conclusory allegation that he personally "encountered" any of the various accessibility barriers he identifies in his amended complaint. *Id.*; *cf. Millerborg II*, 2026 WL 776042, at *3 (concluding that second amended complaint "presented evidence of a concrete harm" because plaintiff alleged that he "personally encountered accessibility barriers: he alleges that he couldn't operate his wheelchair without assistance because the property lacked a wheelchair accessible route from the designated handicap parking to buildings in the complex, had high thresholds to enter and exit the unit he toured, and had insufficient floor space in the unit's bathrooms and kitchen, among other deficiencies"); *Wildwood of Lubbock*, 2020 WL 10458628, at *5 (holding that Bowman suffered an injury in fact based on allegation that he visited the property and "encountered at least one door that

[5]As noted above, Bowman states in his response brief that he ambulates using prosthetic legs and also uses wheelchairs and other assistive devices. But Bowman does not include these details in his amended complaint and does not allege that he was using a wheelchair when he visited the Property.

his wheelchair would not fit through," which demonstrated that "Bowman personally encountered discrimination, as defined in Section 3604(f)(3)(C), due to the defendants' failure to design and construct dwellings that handicapped persons can access and use").[6]

Accordingly, because Bowman has not plausibly alleged a concrete and particularized injury in fact, for purposes of Article III standing, the court grants Cooper's motion to dismiss the amended complaint.[7]

IV

Although the court is dismissing Bowman's FHA claims, it will permit him to replead. *See, e.g.*, *In re Am. Airlines, Inc., Privacy Litig*., 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). Because there is no indication that Bowman cannot, or is unwilling to, cure the defects that the court has identified, the court grants him 28 days from

---

[6]In his notice of supplemental authority, Bowman cites *Bowman v. 1933 Argo Rd, LLC* (*1933 Argo*), 2026 WL 1552126, at *3 (S.D. Tex. May 6, 2026), *rec. adopted*, 2026 WL 1512166 (S.D. Tex. May 29, 2026), in which Judge Bray of the Southern District of Texas held that allegations similar to those in the amended complaint sufficiently stated an injury in fact under the FHA. This court is aware that *1993 Argo* reached a different outcome based on similar allegations. Nevertheless, the court opts to follow recent decisions by judges of this district, which require more than a conclusory assertion that the plaintiff "observed and encountered" barriers to accessibility. *See, e.g.*, *Millerborg I*, 2025 WL 1994407, at *3.

[7]Because the court is dismissing Bowman's FHA claim on standing grounds, it does not reach Cooper's contention, presumably under Rule 12(b)(6), that it cannot be held liable under the FHA for design and construction decisions that predate its purchase of the Property.

the date this memorandum opinion and order is filed to file a second amended complaint.

V

Because the court is dismissing the amended complaint based on a lack of standing, it denies without prejudice as moot Bowman's currently-pending motion for summary judgment. If Bowman files a second amended complaint that plausibly alleges Article III standing, he may move for summary judgment, if he has grounds to do so, without violating N.D. Tex. Civ. R. 56.2(b) ("Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment.").

* * *

Accordingly, for the reasons explained, the court grants Cooper's motion to dismiss and grants Bowman leave to replead.

**SO ORDERED**.

September 14, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE